

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00621-CR

Lisa Nursel **CONRAD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. A12383
Honorable Stephen B. Ables, Judge Presiding[1]

Opinion by:   Patricia O. Alvarez, Justice

Sitting:      Karen Angelini, Justice
              Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed:  July 30, 2014

AFFIRMED

On June 30, 2012, Appellant Lisa Nursel Conrad was charged with misdemeanor driving while intoxicated.  The trial court denied Conrad's motion to suppress based on her assertion that the State failed to demonstrate reasonable suspicion for her warrantless arrest.  Following a guilty plea, Conrad was sentenced to one-year confinement in the Kerr County Jail, suspended and

---

[1] Judge N. Keith Williams is the presiding judge in the 216th District Court, but Judge Stephen B. Ables, presiding judge of the Sixth Administrative Judicial Region, signed the judgment.

probated for two years, and assessed a fine in the amount of $500.00. Conrad now appeals the trial court's denial of her motion to suppress. We affirm the trial court's judgment.

## FACTUAL BACKGROUND

On June 30, 2012, at approximately 2:10 a.m., Ingram Deputy Marshall Jeff Teasdale received a call from the sheriff's office regarding a reckless driver. The caller provided the 911 operator with the license plate number and reported that a black Kia Soul was "all over the road" as it left the Ole Ingram Social Club, a local bar, and was traveling eastbound on Highway 27 towards Kerrville, Texas. Officer Teasdale testified that he drove westbound on Highway 27, but did not see the Kia before turning into the parking lot of the bar. Officer Teasdale further explained that when he drove into the parking lot, the owner of Ole Ingram Social Club, Collin Jones, was standing outside the bar with several patrons. Officer Teasdale witnessed an individual, later identified as Conrad, exit the driver's door of the black Kia identified by the 911 caller and attempt to walk back toward the bar. Officer Teasdale testified that he watched Conrad fall to her hands and knees, and several individuals pick her up and assist her back into the bar. Jones then waved at the officer, a gesture Officer Teasdale interpreted as "thanks" or "we've got it."

Officer Teasdale left the parking lot to resume his patrol and traveled eastward down Highway 27 before turning around again. According to Officer Teasdale, less than five minutes later, as he headed westbound on Highway 27, he witnessed Conrad driving the same black Kia traveling eastbound. Officer Teasdale turned his vehicle around and began to follow Conrad. During his testimony, Officer Teasdale acknowledged that he suspected Conrad may be intoxicated and that he decided "to observe the vehicle as it traveled and see if there was going to be an issue with her driving."

Officer Teasdale testified that Conrad drove "well under the marked speed limit," was weaving within her own lane, and on three different occasions, the vehicle failed to maintain the

lane in which it was traveling. Additionally, Conrad did not signal an intent to change lanes when she crossed the marked lane. Officer Teasdale explained, based on the other vehicles in the vicinity of Conrad's vehicle, he believed the encroachment on the marked lane was performed in an unsafe manner. Based on the totality of the circumstances, Officer Teasdale initiated a traffic stop and Conrad was ultimately arrested for driving while intoxicated.

At the motion to suppress hearing, the trial court heard testimony and argument on Conrad's motion asserting the State failed to demonstrate a reasonable suspicion for Officer Teasdale to initiate a stop of Conrad's vehicle. The trial court denied the motion. Conrad subsequently entered a plea agreement with the State and was sentenced to one-year confinement in the Kerr County Jail, suspended and probated for two years, and assessed a fine in the amount of $500.00. Conrad now appeals the trial court's denial of her motion to suppress.

### MOTION TO SUPPRESS

In her sole issue on appeal, Conrad contends the evidence was insufficient to support a reasonable suspicion that Conrad had committed the offense of driving while intoxicated or committed any traffic offense.

### A.    Standard of Review

We review the trial court's denial of a motion to suppress under a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). A trial court's determination of historical facts will be given almost total deference, while the trial court's application of the law will be reviewed de novo. *Derichsweiler v. State*, 348 S.W.3d 906, 913 (Tex. Crim. App. 2011); *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). A trial court has the distinct advantage to make first-hand observations of a witness's demeanor during testimony on a motion to suppress; we, therefore, defer to the trial court's determination of "credibility of the witnesses

and the weight to be given their testimony." *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); *accord St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007).

In this case, the State bore the burden of establishing the reasonableness of Officer Teasdale's stop of Conrad. *See Amador*, 221 S.W.3d at 672–73.

**B.    Officer Teasdale's Determination to Initiate a Stop**

The amount of information required for law enforcement to stop and detain an individual for investigative purposes is less than what is constitutionally required for probable cause to arrest an individual. *See Amores v. State*, 816 S.W.2d 407, 411 (Tex. Crim. App. 1991). "An investigative detention occurs when an individual is temporarily detained by law enforcement officials for purposes of an investigation." *Castro v. State*, 373 S.W.3d 159, 164 (Tex. App.—San Antonio 2012, no pet.); *accord State v. Garcia*, 25 S.W.3d 908, 911 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (citing *Johnson v. State*, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995)). A detention for investigatory purposes requires an officer possess "a reasonable, articulable suspicion that the individual has been, or soon will be engaged in criminal activity." *Castro*, 373 S.W.3d at 164 (citing *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005)). Without regard to the officer's subjective intent and based on the totality of the circumstances, an appellate court "looks solely to whether an objective basis for the stop exists." *Ford*, 158 S.W.3d at 492–93; *see Curtis v. State*, 238 S.W.3d 376, 379 (Tex. Crim. App. 2007); *Castro*, 373 S.W.3d at 164.

**C.    Analysis**

At the suppression hearing, Officer Teasdale testified Conrad failed to maintain a single lane, and thus was driving in an unsafe manner. The video recording taken from the dashboard camera of Officer Teasdale's vehicle was admitted into evidence. During cross-examination, defense counsel questioned whether another vehicle was anywhere near Conrad's vehicle. Officer

Teasdale explained that although not visible on the video recording, there were other vehicles in the lanes immediately adjacent to Conrad.

Officer Teasdale further explained that his decision to stop Conrad was also based on the 911 call regarding a reckless driver in a black Kia with matching license plates, his observations of Conrad in the parking lot at the Ole Ingram Social Club, and Conrad's leaving the bar at around 2:20 a.m. The trial court made a determination that Officer Teasdale was a credible witness and we defer to that determination. *Ross*, 32 S.W.3d at 856.

This testimony is sufficient to support Officer Teasdale's assessment that Conrad's driving constituted a traffic violation. *See* TEX. TRANSP. CODE ANN. § 545.060(b) (West 2011) (requiring drivers to remain in single lane unless movement outside of lane can be made safely). Based on the cumulative information known by Officer Teasdale at the time he initiated the stop, it is clear that Officer Teasdale had reasonable suspicion to initiate a traffic stop to determine whether Conrad was impaired. *See Curtis v. State*, 238 S.W.3d 376, 377, 381 (Tex. Crim. App. 2007) (concluding officer had reasonable suspicion that defendant was driving while intoxicated and was justified in making investigatory stop when officer saw defendant weave at least three times out of his lane over short distance around 1:00 a.m.).

## CONCLUSION

Based on the totality of the circumstances, we conclude Officer Teasdale had reasonable suspicion to initiate a traffic stop to determine whether Conrad was impaired. Accordingly, we overrule Conrad's sole issue on appeal.

Patricia O. Alvarez, Justice

DO NOT PUBLISH